## SUPREME COURT—IN BANCO.

### JANUARY TERM—1873.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

THE KING *vs.* KALALUHI (K).

IT is FORGERY to forge an order to "give cloth to S. K.," although the value and quantity be not named.

Bill of exceptions from the Third Circuit Court, at the last November term, held by HARTWELL, J.

OPINION OF THE COURT BY ALLEN, C. J.

The prisoner was indicted for fraudulently passing a false and forged writing to one Koki, which was in the following words, to wit:

"KOKI, Aloha oe—Oe haawi lole, Samuel Kalaluhi.
        (Signed)              NOHEA."

Which being translated is as follows, namely:

KOKI, Dear sir—You give cloth to Samuel Kalaluhi.
        (Signed)              NOHEA;

as being true and genuine, according to the apparent purport of said writing, well knowing the same to be false and forged. It appeared in evidence that clothing of the value of $3 was delivered on said order. The Court instructed the jury to convict, if they were satisfied that the facts alleged were proved, and the intent to deceive was shown; whereupon a verdict of guilty was rendered. Exceptions were taken to the ruling of the Court. The counsel, in support of the exceptions, contends that the order is void on the face, therefore not the basis of an indictable offence.

53·

By the Penal Code, it is made essential to constitute forgery that the false instrument carry on its face the semblance of that for which it was counterfeited, and that it should not be obviously invalid, void and of no effect.

Baron Eyre said—James *vs.* Palin's case, (1 East., 405)—that the instrument, to be the subject of forgery, must purport on the face of it to be good and valid for the purpose for which it was created. Our Code has modified this ruling to this extent, that the instrument should not be obviously invalid, void and of no effect. Moreover, our Code expressly states that it is not essential that the forged instrument should be so made that if genuine it would be valid. Counsel contends that the order is invalid on the face, and therefore not the basis of an indictment, and if this is so, the exception must be sustained. He contends that the quantity of clothing or the value, should have been stated. This is true, so as to protect entirely the drawee in the delivery. But a general specification is sufficient, if the articles delivered are reasonable in price and amount.

The drawee must take the responsibility to this extent: It is an order for clothing, and if delivered to the person named therein, it is very clear that an action could be maintained for the articles delivered, if reasonable in value and amount, according to the situation in life of the person ; and the only legal distinction in these general terms, and one in precise terms is, that the responsibility of delivery rests upon the drawee, but it cannot on this account be said to be obviously invalid and of no effect. There is no prescribed form necessary to constitute a valid order, for the delivery of goods. A simple request is sufficient to make the party liable, if delivered in conformity to it. Exceptions overruled.

W. C. Jones for exceptions.

Attorney General A. F. Judd (L. McCully with him), *contra.*